IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 4:11-cv-1910 |
| ) | |
| v. ) | |
| ) | |
| CHANTE BASS, ) | **JURY TRIAL DEMANDED** |
| ) | |
| serve to: 5260 Maple Avenue ) | |
| St. Louis, Missouri 63113 ) | |
| ) | |
| Defendant. ) | |

## PETITION FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Allstate Indemnity Company ("Allstate"), by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332, and for its Petition for Declaratory Judgment, states as follows:

1. Plaintiff Allstate is a foreign corporation organized, incorporated and existing under the laws of the State of Illinois, with its principle place of business in Cook County, Illinois. Therefore, for the purposes of this Declaratory Judgment based on diversity of citizenship, Plaintiff is a citizen of Illinois.

2. Defendant Chante Bass was, at all relevant times, a resident of Missouri.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201 as Allstate is seeking a determination of its rights and obligations under a policy of insurance that was issued to Defendant.

4. Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1332 as the amount in controversy in this matter is in excess of $75,000.00, exclusive of interest and costs and there is a diversity of citizenship amongst the parties.

5. Plaintiff issued a policy of insurance to Defendant having policy number 9 45 811872 12/20 and policy period of December 20, 2010 to December 20, 2011.

6. Defendant claims that, on or about January 16, 2011, the dwelling located at 5260 Maple, St. Louis, Missouri 63113 sustained damages as a result of a fire.

7. Defendant subsequently submitted a sworn statement and proof of loss for the damage to the personal property, thereby presenting a formal claim for insurance proceeds under the aforesaid policy.

8. Additionally, Audit Services, Inc. has demanded that Allstate pay $197,729.05 on behalf of Defendant as a result of the damages to the dwelling as a result of the fire.

9. The policy of insurance contains the following conditions:

\*\*\*

**Misrepresentation, Fraud or Concealment**

\*\*\*

**We** do not cover any loss or **occurrence** in which any **insured person** has concealed or misrepresented any material fact or circumstance.

\*\*\*

10. Defendant is barred from recovery and there is no coverage for any claims under the policy for this loss because the investigation into the facts and circumstances surrounding the claimed loss has led to a reasonable belief and conclusion that Defendant has concealed and/or misrepresented materials facts and circumstances regarding the claimed loss.

11. The policy of insurance also contains the following provision:

\*\*\*

**Losses We Do Not Cover Under Coverage C**

***

9. Intentional or criminal acts of or at the direction of any **insured person**, if the loss that occurs:

   a) may be reasonably expected to result from such acts; or
   b) is the intended result of such acts.

   This exclusion applies regardless of whether or not the **insured person** is actually charged with or convicted of a crime. **We** will not deny payment to an innocent **insured person** who did not cooperate in or contribute to the creation of the loss if the loss arose out of a pattern of criminal domestic violence and the perpetrator of the loss is criminally prosecuted for the act causing the loss.

***

12. There is no coverage and Defendant is barred from recovery for her personal property claim because the investigation into the facts and circumstances surrounding the claim loss has led to a reasonable belief and conclusion that this fire resulted from an intentional act of Defendant or someone at her direction.

13. The policy also contains the following condition:

***

**Losses We Do Not Cover Under Coverage X:**
1. **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
   a) such **insured person** lacks the mental capacity to govern his or her own conduct;
   b) such **bodily injury** or **property damage** is of a different kind or degree than intended or reasonably expected; or
   c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.

   This exclusion applies regardless of whether or not such **insured person** is actually charged with, or convicted of a crime.

***

14. There is no coverage for any claim for bodily injury or property damage under the policy of insurance arising out of this loss because of the claim investigation of the facts and circumstances surrounding the claimed loss is led to a reasonable belief and conclusion that this loss resulted from an intentional act of Defendant or someone at her direction.

15. There exists an actual controversy of a justiciable nature between Plaintiff and Defendant concerning the rights and obligations of the party under the policy of insurance and the law.

16. Plaintiff has complied with all conditions precedent under the policy and specifically reserves any and all rights and defenses it has or may have under the policy of insurance and the laws.

17. Plaintiff has sustained damages as a result of Defendant's concealment and/or misrepresentations, intentional acts and breach of the policy conditions in that Plaintiff has incurred the expenses of a prolonged claim investigation, including attorneys' fees. Said costs and expenses are continuing to accrue.

WHEREFORE, Plaintiff prays this Court enter judgment in its favor, declare:

A. Defendant is not entitled to any coverage under the aforementioned policy;

B. Plaintiff is not in any manner liable to Defendant for the January 16, 2011 fire loss;

C. Plaintiff is entitled to recover all of its costs and expenses, including attorneys' fees;

D. Plaintiff is entitled to recover any and all such other and further relief as this Court deems just and proper under the circumstances.

**JURY TRIAL DEMANDED**

*BROWN & JAMES, P.C.*

/s/ Robert L. Brady
Robert L. Brady, #47522MO
rbrady@bjpc.com
Jonathan B. Morrow, #58661MO
jmorrow@bjpc.com
1010 Market Street, 20th Floor
St. Louis, Missouri 63101-2000
(314) 421-3400
(314) 421-3128 – Fax
*Attorney for Plaintiff Allstate IndemintyCompany*

6007-53021
9577674