UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALLSTATE INSURANCE COMPANY, )
                                            )
      Plaintiff, )
                                            )
  vs. )          Case No. 4:11-CV-1910-JAR
                                            )
CHANTE BASS, )
                                            )
      Defendant. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Set Aside Default. (Doc. No. 16) The motion is fully briefed and ready for disposition. A hearing was held on May 28, 2014. The Court heard testimony from one witness[1] and received evidence on the motion. For the following reasons, the motion will be granted.

**Background**

This case arises from a dispute over an insurance claim for fire damage to a residence located at 5260 Maple in St. Louis, Missouri, and owned by Defendant Chante Bass ("Bass"). Plaintiff Allstate Insurance Company ("Allstate") denied coverage based on Bass's intentional acts and misrepresentation of material facts regarding her claimed loss. On November 2, 2011, Allstate filed a complaint for declaratory judgment in this Court seeking a declaration that it owed no coverage to Bass under its Policy for the fire loss. After Bass failed to answer or

---

[1] Allstate called Dennis Dahlberg, private special process server.

otherwise defend, this Court entered an Order and Judgment of Default on December 27, 2011, declaring as Allstate requested. (Doc. No. 14)

On January 24, 2012, Bass filed a Petition against Allstate in Division 1 of the Circuit Court of the City of St. Louis, styled *Chante Bass v. Allstate Indemnity Company*, Cause No. 1222-CC00413, asserting breach of contract and vexatious refusal to pay based on Allstate's refusal to provide coverage for the January 16, 2011 fire loss under the Policy. (Doc. No. 18-2) Allstate removed the case to the Eastern District of Missouri on March 16, 2012. See *Bass v. Allstate Indemnity Company*, 4:12-CV-505HEA. (Doc. No. 18-3) With its notice of removal, Allstate filed its Answer raising the affirmative defense of res judicata and citing the previous default judgment against Bass. (Doc. No. 18-4) The matter was remanded to the Circuit Court for the City of St. Louis, Missouri on March 27, 2013 and is currently pending in that court. Allstate again filed its Answer specifically referencing the previous default judgment. (Doc. 18-5) On November 12, 2013, Bass filed her motion to set aside the default judgment.[2] She asserts that service was improper and, therefore, the default judgment is void and must be set aside. Allstate opposes the motion.

**Legal standard**

The Court is mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. See United States on behalf of Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir.1993). Pursuant to Fed.R.Civ.P. 60(b), a court may relieve a party from a final default judgment for several reasons. Fed.R.Civ.P. 55(c). Only one of those reasons - if the judgment

---

[2] Although Bass brings her motion pursuant to V.A.M.R. 74.06, the Court considers it filed pursuant to Fed.R.Civ.P. 60(b)(4).

from which relief is sought is void - is implicated by Bass's motion. If a defendant is improperly served, the court lacks jurisdiction over the defendant, despite any actual notice of the lawsuit that the defendant may have, rendering a default judgment void under Rule 60(b)(4). Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir.1993) (citing Dodco, Inc. v. American Bonding Co., 7 F.3d 1387 (8th Cir.1993), Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir.1982)). The burden of proof lies with the party challenging the validity of service. LNV Corporation v. Robb, 843 F.Supp.2d 1002, 1003 (W.D.Mo. 2012). "Although we have sometimes said that relief from a judgment under Rule 60(b) is an extraordinary remedy left to the discretion of the district court, relief from a judgment that is void under Rule 60(b)(4) is not discretionary." Johnson v. Arden, 614 F.3d 785, 799 (8th Cir. 2010) (quoting United States v. Three Hundred Fifty–Three Thousand Six Hundred Dollars, in United States Currency, 463 F.3d 812, 813 (8th Cir.2006)). If the underlying judgment is void, it is a per se abuse of discretion for a district court to deny a movant's Rule 60(b) motion. Central Vermont Public Service Corp. v. Herbert, 341 F.3d 186, 189 (2nd Cir. 2003).

**Discussion**

In support of her motion, Bass states that Allstate attempted to serve her by serving the summons on her great-grandmother, Bertha Ward, at 8654 Oriole Avenue, St. Louis, Missouri on November 12, 2011.[3] Bass submits an affidavit stating that this address was "not my house or usual place of abode," and that after the fire loss to her home and at the time Allstate filed its declaratory judgment action, she resided at 822 Teurville Drive, St. Louis, Missouri 63137, and not with her great-grandmother. (Doc. No. 16-1, ¶ 4)

---

[3] Under Missouri law, proper service can be effected by leaving a copy of a summons and petition at the individual's dwelling house or usual place of abode with a family member over the age of fifteen. Fed.R.Civ.P. 4(e)(1); Sup.Ct.R. 54.13.

Allstate responds that it attempted to serve Bass at 5260 Maple Avenue and at 822 Teurville Drive before sending its special process server Dennis Dahlberg to 8654 Oriole Avenue. (Doc. No. 18, p. 1) Allstate submits Dahlberg's sworn affidavit stating that on November 12, 2011, he served a copy of the summons and petition on Bass by leaving a copy at her usual place of abode at 8654 Oriole Avenue, St. Louis, Missouri 63147, with Bertha Ward, her great-grandmother. (Doc. No. 18-1, ¶ 4) Dahlberg confirmed Bass was living with Ms. Ward at the time of service. (Id., ¶ 6) He also mailed a copy of the summons and petition to Bass at 8654 Oriole Avenue by first class mail via the United States Postal Service. (Id., ¶ 7) Dahlberg so testified at the May 28 hearing.

In reply, Bass provides two letters addressed to her at 822 Teurville Drive, one dated before the date of service and one dated after. The first letter, dated November 29, 2011, is from Unitrin Direct regarding a change made to Bass's renter's insurance policy (Doc. No. 19-1); the second letter, dated October 13, 2011, is from the Office of the Secretary of State regarding her commission as a notary public. (Doc. No. 19-2) At the hearing, Bass also introduced the affidavit of her great-grandmother stating that in November 2011 Bass did not reside with her at 8654 Oriole Avenue but instead resided at 822 Teurville Drive.

Following the hearing, the parties filed a transcript of Bass's sworn testimony taken during Allstate's claim investigation on June 2, 2011. (Doc. No. 24-1) Bass testified that she lived with her great-grandmother after the fire until March 2011, when she moved to 822 Teurville Drive, St. Louis, Missouri 63137, a full five months before Allstate filed its declaratory judgment action. (Id., 6:16-7:9)

The issue for the Court is whether it acquired personal jurisdiction over Bass. This issue turns on whether 8654 Oriole was in fact Bass's home or usual place of abode, as the process

server's affidavit states. If it was not, then the Court did not acquire personal jurisdiction over Bass and the default judgment is void. The Eighth Circuit has held that a signed return of service constitutes prima facie evidence of valid service, "which can be overcome only by strong and convincing evidence." Greater St. Louis Const. Laborers Welfare Fund v. Little, 182 F.R.D. 592 (E.D. Mo. 1998) (quoting Hicklin v. Edwards, 226 F.2d 410, 414 (8th Cir. 1955)). Bass's denial of service is corroborated by the letters addressed to her at 822 Teurville Drive, as well as by her great-grandmother's affidavit. Most importantly, the transcript of her sworn testimony taken by Allstate in the underlying claim investigation shows that as of June 2, 2011, five months before the alleged service, Allstate had actual knowledge that Bass's home or usual place of abode was 822 Teurville Drive and not 8654 Oriole. Based on the record before it, the Court finds Bass has rebutted the presumption of valid service. Bass provides no explanation for the nearly two year delay in seeking to set aside the default judgment, despite having actual notice of the judgment in March of 2012. Nevertheless, a default judgment entered without service of process and personal jurisdiction is void and can be attacked at any time. Printed Media Services, 11 F.3d at 841. The Court will therefore grant Bass's motion to set aside the default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside Default [16] is **GRANTED.**

Dated this 18th day of June, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

5